DECISION
Defendant-appellant, Kenneth L. Jackson, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to maximum and consecutive sentences on his guilty plea to three counts of receiving stolen property.
By indictment filed March 1, 2001, defendant was charged with one count of aggravated burglary (count one), two counts of robbery (counts two and three), and two counts of receiving stolen property (counts four and five). On the day scheduled for trial, the state announced defendant wished to enter a guilty plea (1) to count four of the indictment, receiving stolen property, a felony of the fifth degree, and (2) under counts one and two, to the stipulated lesser included offenses of receiving stolen property, also felonies of the fifth degree. As a result, the state dismissed not only counts three and five, but also an indictment in a separate case consolidated for purposes of trial with the present case.
After the trial court advised defendant pursuant to Crim.R. 11, defendant entered guilty pleas to the offenses outlined in the prosecution's statement. Noting defendant's criminal history included thirteen theft-related offenses, the court sentenced defendant to maximum, consecutive sentences of twelve months on each case, for a total of three years. Defendant appeals, assigning the following errors:
 FIRST ASSIGNMENT OF ERROR: The court failed to make required findings supporting the imposition of consecutive sentences.
 SECOND ASSIGNMENT OF ERROR: The court failed to make findings in support of the imposition of maximum sentences.
Defendant's first assignment of error asserts the trial court failed to make the requisite findings to support consecutive sentences. Former R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) authorize a trial court to impose consecutive sentences under selected circumstances. Former R.C.2929.14(E)(4), in effect at the time of defendant's crimes, stated:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B)(2) provides:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]
Accordingly, not only must the trial court specify its findings from among those set forth in former R.C. 2929.14(E)(4), but it must also specify one of the findings set forth in former R.C. 2929.14(E)(4)(a), (b), or (c). Further, the court must specify its reasons in support of those findings pursuant to R.C. 2929.19(B)(2)(c).
Here, the trial court explained that maximum and consecutive sentences were appropriate because of the substantial plea reduction defendant received, the somewhat aggravated nature of the receiving stolen property charges, and defendant's substantial record of theft offenses. As the court stated: "Defendant's record since the age of thirty-one has basically been in and out of the institution on similar conduct. I find that maximum and consecutive sentences are necessary to protect the public from future crime. Put more information than the court puts in its final entry." (Tr. 10-11.)
Without question, the trial court's comments in the courtroom are insufficient to satisfy the requirements of former R.C. 2929.14(E)(4). However, this court has expressly held that the trial court's judgment entry must also be considered in determining the adequacy of the trial court's recitations under the sentencing statutes. See State v. Beal (Sept. 18, 2001), Franklin App. No. 01AP-171, unreported; State v. Black (Mar. 22, 2001), Franklin App. No. 00AP-895, unreported; State v. Hess (May 3, 1999), Franklin App. No. 98AP-983, unreported; State v. Belfon (July 13, 2000), Franklin App. No. 99AP-663, unreported.
In its judgment entry, the trial court stated that "the consecutive sentences are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." (Judgment Entry, 2.) Moreover, the court found:
 (1) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (2) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Id.
The language of the judgment entry thus meets the requirements of former R.C. 2929.14(E)(4).
The court, however, is also required to state its reasons for so finding. Here, the trial court explained that the somewhat aggravated nature of the receiving stolen property convictions, which includes defendant's striking the victim and absconding with her book bag, was part of the court's rationale for imposing the consecutive sentences. Moreover, the court noted defendant's criminal history, including the number of theft offenses, and defendant's frequent incarceration on similar conduct. Accordingly, the trial court adequately stated its reasons for the findings it made. The court's reasons thus address the seriousness of defendant's conduct, the harm to the victim, and the need to protect the public and punish defendant. Defendant's first assignment of error is overruled.
Defendant's second assignment of error asserts the trial court erred in failing to make the requisite findings to support the imposition of maximum sentences. The Ohio Supreme Court in State v. Edmonson (1999),86 Ohio St.3d 324, acknowledged a public policy disfavoring maximum sentences except for the most deserving offender, stating that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders." Id. at 328, quoting R.C. 2929.14(C). (Emphasis sic.) "[T]he record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. at 329. While former R.C. 2929.14(C) itself does not require that the trial court state its reasons for imposing the maximum sentence, R.C. 2929.19(B)(2)(d) does. State v. Moss (Dec. 28, 1999), Franklin App. No. 99AP-30, unreported. Thus, the trial court is not only required to make the requisite findings under former R.C. 2929.14(C), but also to state its reasons, as required under R.C. 2929.19(B)(2)(d). State v. Legg (Mar. 7, 2000), Franklin App. No. 99AP-574, unreported.
Again, at the sentencing hearing, the trial court did not make the requisite findings. Nonetheless, the court's judgment entry states: "The Court further finds that the offender is the worst form of offender who poses the greatest likelihood of committing future crimes." (Judgment Entry, 2.) While the trial court's language arguably failed to find that defendant committed the worst form of the offense, finding instead that defendant is the worst form of offender, the trial court nonetheless found defendant posed the greatest likelihood of committing future crimes and thus satisfied the requisites of former R.C. 2929.14(C).
The trial court also was required to state its reasons for so finding. As noted, however, the trial court relied heavily on defendant's criminal record, the number of theft offenses included in it, and defendant's frequent residence in the state's penal institutions. Because those reasons support the finding needed under former R.C. 2929.14(C), defendant's second assignment of error is overruled.
Having overruled both of defendant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
TYACK, P.J., and PETREE, J., concur.